```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

ART CATERING, INC.                         CIVIL ACTION

VERSUS                                     NO: 11-1136

GORNEY, ET AL.                             SECTION: J(2)
```

## ORDER AND REASONS

Before the Court is **Plaintiff Art Catering, Inc.'s Motion to Remand** (MDL Rec. Doc. No. 2544)[1] and supporting memorandum, **Defendant Marsh USA, Inc.'s Memorandum in Opposition to Plaintiff Art Catering, Inc.'s Motion to Remand** (MDL Rec. Doc. No. 2729), **Plaintiff's Reply to Defendant's Opposition to Motion to Remand** (MDL Rec. Doc. No. 2787), and **Defendant Marsh USA, Inc.'s Supplemental Memorandum in Opposition to Plaintiff Art Catering, Inc.'s Motion to Remand** (MDL Rec. Doc. No. 3007). This motion is before the Court on the memoranda, without oral argument.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This dispute arises out of an alleged failure to procure sufficient insurance for a caterer providing services to Transocean on the Deepwater Horizon rig. On April 11, 2011, Plaintiff Art Catering, Inc. ("Art") filed suit in state court against its insurance company Marsh USA, Inc. ("Marsh"), two Marsh employees named David B. Gorney and Jimmy M. Podaras, and a fictitious

---

[1] The MDL Record Document Numbers refer to MDL No. 2179, with which this case was previously consolidated.

defendant called XYZ Insurance Company, alleged to be Gorney and Podaras's insurer. Both Art and Gorney are citizens of Louisiana, while Marsh and Podaras are Texas citizens.[2]

Art had previously entered into a contract to provide catering services to Transocean Offshore Deepwater & Drilling, Inc. ("Transocean"). Under the terms of the contract, Art was required to carry one million dollars in General Liability/Employer's Liability coverage and five million dollars in Excess/Umbrella insurance coverage. Art alleges that Marsh's employees Gorney and Podaras issued policies with limits of one million dollars for General Liability/Employer's Liability coverage and four million dollars for Excess/Umbrella insurance coverage.

Fourteen of Plaintiff's employees were aboard the Deepwater Horizon drilling rig operated by Transocean at the time of the April 2010 explosion. Since the explosion, claims in excess of fifty million dollars have been made against both Art and Transocean. Transocean made a demand upon Art for defense and indemnity up to the contractual requirements of one million dollars in General Liability/Employer's Liability coverage and five million dollars in Excess/Umbrella insurance coverage. As a result, Art alleges its insurance agents Gorney and Podaras failed to procure sufficient coverage to honor the terms of its contract with

---

[2] Jimmy M. Podaras has not been served, according to Marsh. As a citizen of the State of Texas, Marsh argues Podaras does not affect this Court's diversity jurisdiction.

Transocean and Art is alleged to be underinsured by one million dollars.

Marsh filed a Notice of Removal (Rec. Doc. No. 1) on May 13, 2011, asserting that this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a) and that David B. Gorney ("Gorney") was improperly joined as a defendant. The case was consolidated with the Deepwater Horizon Multidistrict Litigation (MDL No. 2179) upon removal. Thereafter, Marsh filed a Motion to Sever this case from the MDL on May 24, 2011, which was subsequently granted. Art filed this Motion to Remand on May 26, 2011.

**THE PARTIES' ARGUMENTS**

Art asserts that remand is proper because it has a cognizable claim of individual liability against Defendant Gorney, in that Gorney's negligent acts and omissions caused Art's shortfall in insurance coverage. First, Art asserts that there is a reasonable possibility of recovery against Gorney individually because, as an agent of Marsh, he breached a personal duty to Plaintiff and caused Plaintiff's damages. Art contends that Gorney owed Art an obligation to use reasonable diligence in attempting to place the insurance coverage Art requested and breached that duty when he negligently failed to procure the requested coverage. Thus, Art contends that Gorney has not been fraudulently joined because Art

has a cognizable claim against Gorney as an individual.

Additionally, Art asserts that it has a cognizable claim against Gorney for negligent misrepresentation because he failed to communicate to Art that it was underinsured by one million dollars. Art contends that, as an insurance agent, Gorney owed Art a personal duty to correctly inform Art whether sufficient insurance coverage required by Transocean had been acquired, that Gorney breached his duty when he failed to inform Art that it was underinsured by one million dollars, and that Art suffered one million dollars in damages when Transocean made an indemnity demand upon Art. Art asserts that Gorney's breach of his personal duty as an insurance agent created a reasonable possibility of recovery against him individually.

Art contends that a reasonable possibility of individual liability of Gorney defeats Marsh's improper joinder claim and eviscerates the diversity jurisdiction necessary for this Court to have original jurisdiction over the case. Therefore, Art asserts that remand to state court is proper.

Relying on the improper joinder doctrine,[3] Marsh asserts there is simply no possibility that Gorney can be held individually liable under Louisiana law as it has been interpreted in this circuit. Specifically, Marsh contends that Art's claims against

---

[3] The improper joinder doctrine is often referred to as the fraudulent joinder doctrine. Although there is no substantive difference between the two terms, the Fifth Circuit prefers the former. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc).

Gorney individually are barred by the Fifth Circuit's ruling in *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510 (5th Cir. 2009), which held that liability under *Canter v. Koehring Co.*, 283 So. 2d 716 (La. 1973), applies only to bodily injury claims. Additionally, Marsh asserts that Gorney is an individual employee of a corporate insurance brokerage, and that Art has at no time alleged that Gorney was acting in a capacity other than as an employee/agent of Marsh or that Gorney exceeded his authority as an employee of Marsh. Finally, Marsh contends that the duties of insurance brokers set forth in the cases cited by Art are "properly borne by Marsh and carried out through its employees." Thus, Marsh contends that Gorney was improperly joined, and that complete diversity exists, making remand improper.

## DISCUSSION

Civil actions pending in state court may be removed to federal court if the federal court has original jurisdiction over the suit. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. In order for jurisdiction to exist under § 1332, there must be complete diversity between the parties, meaning that no plaintiff and no defendant may share the same citizenship. In removal actions, the

party seeking removal bears the burden of establishing that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

The improper joinder doctrine is a well-established but narrow exception to the rule that complete diversity between the parties must exist in order for a federal court to have subject matter jurisdiction under § 1332. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). There are two bases upon which a court may determine that a plaintiff improperly joined a non-diverse defendant to defeat subject matter jurisdiction: (1) actual fraud in the plaintiff's pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against a non-diverse party in state court. *See Kling*, 575 F.3d at 513 (internal quotation omitted). In this case, Marsh only asserts that removal is proper on the second basis.

In order for removal to be proper under the improper joinder doctrine, Marsh must show "that there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (internal citation omitted). Stated differently, this "means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant. *Id.; see also Kling*, 575 F.3d at 513 (explaining that "there must be a reasonable possibility of recovery, not merely a

6

theoretical one").

In making this determination, a court "may conduct a *Rule 12(b)(6)*-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood,* 385 F.3d at 573. Additionally, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry" in order to "identify the presence of discrete and undisputed facts" that would preclude plaintiff's recovery against the in-state defendant. *Id.* All contested issues of fact and ambiguities of controlling state law must be resolved in favor of the non-removing party. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (internal quotation omitted).

Here, Marsh has offered no affidavits or other evidence to aid a summary inquiry, and Art has offered only the affidavit of Brenda Hingle, which does not contain facts that would preclude Art's recovery against Gorney upon a summary inquiry. Therefore, it is appropriate to only conduct a *Rule 12(b)(6)*-type analysis of Art's State Court Petition (Rec. Doc. 1, Exh. A ("State Court Petition")), and Marsh bears the "heavy burden" of proving that the joinder of Gorney was improper. *See Smallwood,* 385 F.3d at 574.

Marsh asserts in opposition to remand that because Art made no claims for bodily injury, its claims against Gorney in the State Court Petition are barred by the Fifth Circuit's ruling in *Kling*.

7

In *Kling*, the plaintiffs sought recovery from a diverse corporate defendant and a non-diverse individual employee under *Canter v. Koehring Co.*, 283 So. 2d 716 (La. 1973), alleging economic and emotional damages due to negligent contamination of their property. *See Kling*, 575 F.3d at 516.  The Fifth Circuit examined the plaintiffs' state court petition, applied its earlier interpretation of *Canter* in *Unimobil 84*, and found that plaintiffs' "conclusory allegations [did] not establish a reasonable possibility of recovery against [the individual defendant] under *Canter* . . . ." *Kling*, 575 F.3d at 515-516.  The Fifth Circuit denied the motion to remand, finding that "[b]ecause the only injury alleged in Kling's petition is economic and emotional—damage to its property and various forms of mental distress—Kling/Walet would not have a basis for recovery against Martin under Louisiana law as it has been interpreted in this circuit."  *Id.*

Marsh asserts that Art has not alleged that Gorney was acting in a capacity other than as an employee of Marsh or outside the scope of his employment by Marsh.  Accordingly, Marsh asserts that the Fifth Circuit's holdings in *Kling* and *Unimobil 84*, applied to the allegations in Art's State Court Petition, eliminate any reasonable possibility of recovery against Gorney individually. However, this Court does not read Art's State Court Petition as narrowly as Marsh.

The analysis by Judge Zainey in *Bopp v. Westchester Surplus Lines Ins. Co.*, 2009 U.S. Dist. LEXIS 109396 (E.D. La. 2009), is instructive. In *Bopp*, the plaintiffs asserted several claims against their alleged insurance agent individually, based on his failure to procure the requested insurance coverage and his negligent misrepresentation regarding coverage, and against his employer, based on the doctrine of respondeat superior. *Id*. at *10. The *Bopp* plaintiffs had purchased an insurance policy that was issued by the employer and sold by the individual defendant. *Id*. at 3. It was not clear from the facts alleged in the petition whether the individual defendant was "a mere employee" of the corporate defendant or an insurance agent acting outside that employment relationship. *Id*. at 10-11. Recognizing this ambiguity, Judge Zainey refused to view an allegation of vicarious liability against the employer as a concession that the individual defendant was a mere employee. *Id*. at 10. The court noted the potentially inconsistent allegations in the plaintiffs' state court petition, but recognized that Louisiana law allows pleading in the alternative under La. Code Civ. Proc. art. 892, even where the underlying factual bases would be inconsistent. The court explained that, "construing the factual allegations broadly," it could not conclude at the pleading stage that there was no reasonable possibility of recovery against the individual defendant. *Id*. at *9-10.

Here, similarly, Art has plead inconsistent allegations against Podaras and Gorney individually as insurance brokers and agents and against Marsh as their employer. *See* Rec. Doc. 1, Ex. A, at 2-5. Art has sued both its insurer and the specific employee with whom they dealt, as is often the case when the exact legal relationship between the insurance agent and the insurer is not clear. *See*, *e.g.*, *City BluePrint & Supply Co. v. Boggio*, 3 So. 3d 62 (La. App. 4 Cir. 2008); *Dorsey v. Manufacturers Life Ins. Co.*, 1997 U.S. Dist. LEXIS 18401 (E.D. La. 1997); *McCartney v. State Farm Ins. Co.*, 567 So. 2d 1168 (La. App. 3 Cir. 1990); *Chandler v. Jones*, 532 So. 2d 402, 405 (La. App. 3 Cir. 1988).

If Gorney is determined to have been a mere employee, as Marsh contends that he was, Art will be unable to recover from Gorney individually under *Canter* because Art has made no claims of bodily injury. On the other hand, if Gorney was acting outside his employment relationship as an insurance agent or broker, in a capacity that would not allow vicarious liability, Art may have cognizable claims of individual liability against Gorney based on the allegations of his negligent failure to procure the requested insurance coverage and negligent misrepresentation.

Under Louisiana law, an insurance agent has a fiduciary duty to the insured and may be held liable for intentionally or negligently breaching this duty under certain circumstances. *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*,

10

910 F.2d 224, 229 (5th Cir. 1990). An insurance agent who agrees to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested, and to notify the client promptly if he has failed to obtain the requested insurance. *Taylor v. Sider*, 765 So. 2d 416, 418 (La. App. 4 Cir. 2000), *writ denied*, 771 So. 2d 86 (La. 2000). The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage. *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730-31 (La. 1973). In order to prevail on this cause of action, the Plaintiff must show (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that he is properly insured. *Offshore Prod. Contractors*, 910 F.2d at 229 (citing *Karam*, 281 So.2d at 730-31).

Here, Art has alleged that Podaras and Gorney obligated themselves to properly satisfy Art's contractual insurance requirements, failed to satisfy Art's requirements through the policies issued at their direction, and yet delivered policies that purported to meet the requirements. *See* State Court Petition ¶¶

11

IV, VI, VII, X.

An agent is also personally liable for damages "occasioned by intentional or negligent misrepresentations as to facts which he knows or has reason to know are false." *Dorsey v. Mfrs. Life Ins. Co.*, 1997 U.S. Dist. LEXIS 18401, at *7 (E.D. La. 1997) (quoting *McCollum v. Harbor View Townhouses, Inc.*, 428 So. 2d 846, 847 (La. App. 5 Cir. 1983)).  Negligent misrepresentation occurs when there is: 1) a legal duty to provide correct information, 2) breach, and 3) damages that result from a justifiable reliance on the misrepresentation.  *Cameron Parish Sch. Bd. v. State Farm Fire & Cas. Co.*, 560 F. Supp. 2d 485, 489 (W.D. La. 2008) (citing *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 624 n.38 (5th Cir. 1993)). Here, Art has alleged that Podaras and Gorney misled Art into believing that Art was properly insured by directing Marsh to issue Certificates of Insurance and policies which purported to meet Art's insurance requirements and failing to inform Art that those policies did not provide adequate coverage.  *See* State Court Petition ¶¶ VI, XI.  As a result, Art alleges that it was underinsured by one million dollars. *See* State Court Petition ¶ X.

Accordingly, construing the factual allegations broadly and in Art's favor, as the Court is required to do, it cannot be said that there is no possibility of recovery against Gorney individually under Louisiana law without knowing the exact legal relationship between Gorney and Marsh.  If Art proves that Gorney was an

12

insurance agent who failed to procure the requested insurance, as opposed to a mere individual employee of Marsh, it can recover from Gorney individually.  While Marsh's contentions that Gorney was merely an employee may ultimately prove to be correct, Marsh has failed to submit any evidence to allow the Court, through summary inquiry, to conclude that such is actually the case.

Therefore, and for the foregoing reasons, the Court finds that Gorney was properly joined, and that remand is proper.


## CONCLUSION

Accordingly, **IT IS ORDERED** that **Plaintiff's Motion to Remand** (MDL Rec. Doc. No. 2544) is hereby **GRANTED**; the above-captioned action is hereby **REMANDED** to the court from which it was removed.

New Orleans, Louisiana, this 26th day of October, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT